**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                                                    NO. 4:23-CV-238-DMB-JMV

JALANA MACK                                                     DEFENDANT

## <u>ORDER</u>

On December 12, 2023, the United States of America filed a complaint against Jalana Mack

in the United States District Court for the Northern District of Mississippi seeking "to recover

treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for

common law or equitable causes of action for payment by mistake and unjust enrichment based

upon Mack's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled."

Doc. #1 at PageID 1.  The complaint alleges that Mack, through misrepresentations, received PPP

loan proceeds totaling $41,666.00[1] (for which the Small Business Administration paid a total of

$5,000.00 in processing fees to the financial institution involved) and that Mack, through false

representations, obtained forgiveness of the loans by the SBA.  *Id*. at PageID 6–7.

On December 14, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which

the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a

Consent Judgment on the terms provided in the proposed Consent Judgment."  Doc. #4 at PageID

16.  Both the joint motion and the proposed consent judgment are signed by an Assistant United

States Attorney and by Mack who is pro se.  *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts
> must decide whether it represents a reasonable factual and legal determination
> based on the facts of record, whether established by evidence, affidavit, or

---

[1] The complaint alleges Mack obtained two loans each in the amount of $20,833.00.  Doc. #1 at PageID 6.

> stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Mack to pay $46,797.94 plus interest and a separate $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 18th day of December, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**